UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

GOVERNMENT ACCOUNTABILITY & OVERSIGHT,

Plaintiff,

v.

SECURITIES AND EXCHANGE COMMISSION,

Defendant.

No. 1:24-cv-00331-RBW

---

## ANSWER

Defendant Securities and Exchange Commission ("SEC") hereby responds to each numbered paragraph of Plaintiff Government Accountability & Oversight's Complaint as follows:

1. The SEC admits that Plaintiff has filed a lawsuit seeking the production of documents under the Freedom of Information Act ("FOIA"). The remaining allegations in this paragraph consist of Plaintiff's characterization of its lawsuit, to which no response is required.

2. The allegations in this paragraph consist of Plaintiff's characterization of the nature of this action, to which no response is required. To the extent a response is required, the SEC denies that it has failed to comply with the FOIA. The SEC also denies that Plaintiff conducted "follow up prompting" for a response with respect to the FOIA request at issue in this litigation.

3. The SEC denies the allegations in this paragraph. The SEC admits that it has not yet produced records or made a determination with respect to the FOIA request referenced in the Complaint, but denies that it has not complied with the FOIA.

**PARTIES**

4. The SEC lacks knowledge or information sufficient to admit or deny the allegations in this paragraph.

5. The SEC admits the allegations in this paragraph.

**JURISDICTION AND VENUE**

6. The allegations in this paragraph consist of legal conclusions, to which no response is required.

7. The allegations in this paragraph consist of legal conclusions, to which no response is required.

8. The allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is required, the SEC admits that it has not yet produced records or made a determination with respect to the FOIA request referenced in the Complaint, but denies that it has not complied with the FOIA.

**GOVERNMENT ACCOUNTABILITY & OVERSIGHT'S FOIA REQUEST**

9. The SEC admits that Plaintiff submitted a FOIA request by email and that the FOIA request was dated December 29, 2023. The remaining allegations in this paragraph consist of Plaintiff's characterization of its FOIA request, to which no response is required. The SEC refers to the referenced FOIA request for a complete and accurate recitation of its contents.

10. The SEC admits that it sent a letter dated January 2, 2024, regarding Plaintiff's FOIA Request No. 24-01016-FOIA. The SEC admits that the January 2, 2024, letter misstated the date of Plaintiff's FOIA request, which was corrected in a subsequent January 4, 2024, letter. The remaining allegations in this paragraph consist of Plaintiff's characterization of the letter, to

which no response is required. The SEC refers to the referenced letter for a complete and accurate recitation of its contents.

11. The SEC admits that it sent a letter dated January 4, 2024, wherein the SEC stated that it had classified Plaintiff in the "media use" fee category. The SEC refers to the referenced letter for a complete and accurate recitation of its contents.

12. The allegations in this paragraph consist of legal conclusions, to which no response is required.

13. The allegations in this paragraph consist of legal conclusions, to which no response is required.

14. The allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is required, the SEC denies the allegations in this paragraph.

15. The allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is required, the SEC admits it has not yet provided a determination regarding FOIA Request No. 24-01016-FOIA, but denies that it has not complied with the FOIA.

16. The allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is required, the SEC denies that it has not complied with the FOIA.

**FIRST CLAIM FOR RELIEF**
**Duty to Produce Records – Declaratory Judgment**

17. The SEC repeats its responses to paragraphs 1 through 16.

18. The SEC denies the allegations in this paragraph.

19. The allegation in the first clause of this paragraph consists of a legal conclusion, to which no response is required. The SEC denies the allegation in the second clause of this paragraph.

20. The allegation in this paragraph consists of a legal conclusion, to which no response is required.

21. The allegations in this paragraph consist of Plaintiff's prayer for relief, to which no response is required. To the extent a response is deemed necessary, the SEC denies that Plaintiff is entitled to the relief requested.

## SECOND CLAIM FOR RELIEF
### Duty to Produce Records – Injunctive Relief

22. The SEC repeats its responses to paragraphs 1 through 21.

23. The SEC denies the allegations in this paragraph.

24. The allegations in this paragraph consist of Plaintiff's prayer for relief, to which no response is required. To the extent a response is deemed necessary, the SEC denies that Plaintiff is entitled to the relief requested.

25. The allegations in this paragraph consist of Plaintiff's prayer for relief, to which no response is required. To the extent a response is deemed necessary, the SEC denies that Plaintiff is entitled to the relief requested.

## THIRD CLAIM FOR RELIEF
### Costs and Fees

26. The SEC repeats its responses to paragraphs 1 through 25.

27. The allegations in this paragraph consist of legal conclusions, to which no response is required.

28. The allegations in this paragraph consist of Plaintiff's prayer for relief, to which no response is required. To the extent a response is deemed necessary, the SEC denies that Plaintiff is entitled to the relief requested.

## PRAYER FOR RELIEF

The remaining paragraphs of Plaintiff's Complaint constitute a prayer for relief, to which no response is required. To the extent a response is deemed necessary, the SEC denies that Plaintiff is entitled to the relief requested in the unnumbered paragraphs, including subparts (1) through (6), and further denies that Plaintiff is entitled to any relief whatsoever, including costs and attorneys' fees.

## GENERAL DENIAL

The SEC specifically denies each and every allegation of the Complaint that is not specifically and expressly admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted as the SEC has not improperly withheld any documents under the FOIA.

2. "Exceptional circumstances" exist, within the meaning of 5 U.S.C. § 552(a)(6)(C), that prevented the SEC from processing the FOIA request at issue within the statutory timeframe.

3. The SEC is exercising due diligence in responding to the FOIA request at issue.

4. On information and belief, certain exemptions under the FOIA protect from release some of the information sought by Plaintiff through its FOIA request.

5. Plaintiff is not entitled to costs or fees.

Dated: March 7, 2024               Respectfully submitted,

                                                        <u>/s/ *Esther Cheng*</u>
                                                       ESTHER CHENG
                                                       Office of the General Counsel
                                                       U.S. Securities and Exchange Commission
                                                       D.C. Bar No. 1029082
                                                       100 F Street, NE
                                                       Washington, DC  20549
                                                       Telephone: (202) 551-5092
                                                       Facsimile: (202) 772-9263
                                                       Email: ChengEs@sec.gov

                                                       *Counsel for Defendant Securities and Exchange Commission*